IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

RECEIVED
2023 JAN 17 A 11: 22
TREY GRANGER, CLK
U.S. DISTRICT COURT
MIDDLE DISTRICT ALA

| | | |
|---|---|---|
| ROBERT MARSHALL, | ) | Case Nos. 2:23-CV-046-RAH-CSC |
| | ) | (to be supplied by Clerk) |
| Petitioner, | ) | 2:16-cv-477-WKW-CSC(WO) |
| | ) | 2:12-cr-87-WKW(WO) |
| v. | ) | |
| | ) | |
| UNITED STATES OF AMERICA, | ) | Hon. W. Keith Watkins |
| | ) | |
| Respondent. | ) | |

**MOTION TO VACATE JUDGMENT UNDER FED. R. CIV. P. 60(b)(1),(2) and (6)**

**COMES NOW** the Petitioner Robert Marshall ("Marshall"), appearing in pro se and respectfully moves this Honorable Court with the present motion to vacate judgment under Federal Rules of Civil Procedure, Rule 60(b)(1),(2) and (6), wherein Marshall seeks to vacate this Court's previous judgment in Marshall v. United States, 2022 U.S. Dist. LEXIS 84849 (M.D. Ala. May 10, 2022), and re-open his original Section 2255 proceedings, in light of the newly discovered evidence submitted herewith, and this Court's mistake in applying a procedural bar to Marshall's initial motion to vacate under Rule 60(b)(6).

## I. JURISDICTION

This Court maintains jurisdiction of this matter under Fed. R. Civ. P., Rule 60(b); see also Williams v. Chatman, 510 F.3d 1290, 1293 (11th Cir. 2007); Gonzalez v. Crosby, 545 U.S. 524 (2005).

## II. FACTUAL BACKGROUND

In February of 2013, a jury found Marshall guilty of conspiracy to distribute cocaine and using a communications facility to facilitate the cons-

piracy. In June of 2013, the Court sentenced Marshall to 300 month imprisonment, relying explicitly on two prior Alabama state convictions that were either "stale" or "void", due to the record being silent on its face as to if the convictions were counseled or not. (See, Exhibit "A" & "B"). The Court sentenced Marshall under a career offender classification over his objection. Marshall appealed to the Eleventh Circuit Court of Appeals. The conviction and sentence were affirmed in June 2015. Marshall diligently pursued his objection to the used prior state conviction(s). Writing letters to the U.S. Probation Office grieving about the error in application of the prior. (See, Exhibit "C"). In June 2016, Marshall filed a timely Section 2255 motion advancing several ineffective assistance of counsel ("IAC") claims. Including a claim that his trial-counsel was ineffective for failing to investigate one of the prior convictions used to classify him as a career offender at sentencing. On June 29, 2018, the Court denied Marshall's Section 2255 motion. All subsequent appeals were denied. Marshall then moved to vacate the judgment of this Court, and re-open his Section 2255 proceedings under Federal Rules of Civil Procedure, Rule 60(b)(6). On June 10, 2022, the Court mistakenly procedurally barred Marshall's motion to vacate by concluding that it was a "second or successive" **§ 2255** motion, and denied relief. See, Marshall, 2022 U.S. Dist. LEXIS 84849.

Thus, because the Court made a mistake in determining that Marshall motion under Rule 60(b) was a second or successive **§ 2255** motion; and because it committed excusable neglect when it overlooked that the new evidence Marshall sought to present showed that the priors used to enhance his sentence were void, Marshall's motion to vacate judgment follows:

## III. ARGUMENT

### A. Standard of Review

Federal Rules of Civil Procedure 60(b) permits a litigant to move for relief from an otherwise final judgment. The Rule provides six basis for relief:

> "(1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence; (3) fraud; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged, is based on an earlier judgment that has been reversed or vacated, or applying it prospectively is no longer equitable; or (6) any other reason justifying relief from the operation of the judgment."

See, **Fed. R. Civ. P. 60(b).**

Marshall relies on the First, Second, and Sixth grounds established by Rule 60(b), for his proposition that the Court mistakenly considered his motion to vacate under the Rule to be a second or successive Section **2255** motion; and for presenting newly discovered evidence that proves the IAC claim in his initial **§ 2255** motion.

### B. Marshall Is Entitled to Relief Where the Court Erred In Construing His First Rule 60(b) Motion to Be a Second or Successive Section 2255 Motion

In Gonzalez v. Crosby, 545 U.S. 524, 125 S.Ct. 2641, L. Ed. 2d 480 (2005), the United States Supreme Court addressed the question of whether a Rule 60(b) motion would constitute a second or successive petition. Id., 125 S.Ct. at 2641. The High Court held that a "Rule 60(b)(6) motion in a [**§ 2255**] case is not to be treated as a sucessive habeas petition if it does not assert, or reassert, claims for error in the movant's [] conviction. A motion that...challenges only the district court's failure to reach the merits does not warrant such treatment, and can therefore be ruled upon by the district court without precertification by the Court of

Appeals..." Gonzalez, 125 S.Ct. at 2651. Indeed, in Gonzalez the Court laid out specific factors that should guide a court in exercising its discretion in granting Rule 60(b)(6) relief. In discussing these factors, however, the Court did not suggest or expressly state that it's decision in Gonzalez imposes a rigid or exhaustive list. In fact, courts have generally held that "Rule 60(b)(6) is a grand reservoir of equitable power." Harrell v. DSC Equip. Leasing Corp., 951 F.2d 1453, 1458 (5th Cir. 1992), and it affords courts the discretion and power "to vacate judgments whenever such action is appropriate to accomplish justice." Gonzalez, 125 S.Ct. 2641.

Here, the Court adopted the magistrate judge's Report and Recommendation ("R&R"), and erroneously held that Marshall's motion was a second or successive **§ 2255** motion and applied the bar on unauthorized successive **§ 2255** motions. See, Marshall, 2022 U.S. Dist. LEXIS 84849 at 6-7(R&R of the magistrate judge). Marshall argues that the Court erred, because its ruling renders Rule 60(b)(6) superfluous, contrary to Gonzalez's mandate that Rule 60(b)(6) is a grand reservoir of equitable power, and it affords court the discretion and power "to vacate judgments **whenever** such action is appropriate to accomplish justice." Gonzalez, 125 S.Ct. at 2641. Furthermore, Marshall contends that the Court erred because its ruling necessarily disregards Congessional intent for the Rule.

Federal Rule of Civil Procedure 60(e) abolishes, in pertinent part, the writ of audita querela (which was an acient writ that permitted a defendant to seek relief from the judgment based on new evidence or a newly available defense); and the writ of coram nobis, also known as coram

vobis (which was a mechanism used to re-open a case to correct fundamental errors of fact of law), and codifies the writs as Rule 60(b).

Thus, it is clear that Congress intended for Marshall to have an avenue to redress an objection of Constitutional magnitude through Rule 60(b). And by including the "catch all" provision contained in Rule 60(b), see, **Fed. R. Civ. P. 60(b)(6)**, Congress contemplated a situation like Marshall's where an ineffective trial-counsel fails his duty to investigate, see, Strickland, 104 S.Ct. 2052, 2060, and because of his financial inability, the defendant is not able to obtain the necessary evidence to prove his claim in time to comport with the statute of limitations contained in Fed. R. Civ. P. 60(c). See, Gideon v. Wainwright, 372 U.S. 339, 9 L. Ed. 2d 799, 83 S.Ct. 792 (1963)(recognizing "that in our adversary system of criminal justice, any person hailed into court, who is too poor to hire a lawyer, cannot be assured a fair trail unless counsel is provided for him."). Which would also violate Marshall's Fifth Amendment right to present a complete defense. See, Crane v. Kentucky, 476 U.S. 683, 690 (1984)(Due process includes a right to "'a meaningful opportunity to present a complete defense.'"), see also Lunberry v. Hornbeak, 605 F.3d 754 (9th Cir. 2010)("[t]hat constitutional right is violated by the exclusion of probative admissible evidence..."). Under these circumstances an equity court may consider to use its broad discretion afforded to it by Rule 60(b)(6). See, Harrell, 951 F.2d at 1458; Gonzalez, 125 S.Ct. 2641.

Therefore, because Marshall was not "reasserting" a previous claim, but merely exercising his right to present a complete defense this Court

erred in construing it as a second or successive § 2255 motion, and applying the procedural bar, which constitutes a "defect in in the integrity of the federal habeas proceedings." Gonzalez, 545 U.S. at 532.

All premisis considered Marshall is entitled to Rule 60(b) relief, and he asks the Court to exercise its broad discretion to correct a miscarrage of justice.

**C. Marshall's Newly Discovered Evidence Demonstrates (1) That the Court Used a Prior Conviction That Was Outside the 15-year Window Prescribed By U.S.S.G § 4B1.1; and (2) That the Record of the Prior Conviction Is Void Due To the Record Being Silent On Its Face As To If the Conviction(s) Were Counseled or Not, In Violation of the Fifth Amendment to the United States Constitution**

**(i) Marshall's newly discovered evidence demonstrates that the Court used a prior conviction that was outside the window prescribed by U.S.S.G § 4B1.1**

After Marshall's first-in-time Rule 60(b) motion was denied, he was able to obtain counsel, Mr. Steven W. Money ("Mr. Money"). Mr. Money was able to locate and retrieve the certified records of the two Alabama state convictions-one of which was the 1996 conviction that Marshall objected to at sentencing. (See, Exhibit "A"). The document evidences that Marshall was sentenced on May 23, 1997. Marshall instant offense, from 2012, was allegedly commited 15-years later. Thus, under **U.S.S.G. § 4B1.1(a)** and **§ 4B1.2(c)** of the 2013 Sentencing Guidelines (the sentencing manual in effect at the time of Marshall's conviction): "A defendant is a career offender if (1) the defendant was at least eighteen years old at the time the defendant committed the instant offense; (2) the instant offense of conviction is a felony that is either a crime of violence or a controlled substance offense; and (3)

the defendant has at least two prior felony convictions of either a crime of violence or a controlled substance offense." See, Id., **§ 4B1.1(a).** U.S.S.G § 4B1.1(a) does not define "two prior felony convictions", that definition is located in **U.S.S.G. § 4B1.2(c)**, and means: "(1) the defendant committed the instant offense of conviction subsequent to sustaining at least two felony convictions of either a crime of violence or a controlled substance offense, or one felony conviction of a crime of violence or a controlled substance offense (i.e., two felony convictions of a crime of violence, two felony convictions of a controlled substance offense, or one felony conviction of a crime of violence and one felony conviction of a controlled substance offense), and (2) the sentences for at least two of the aforementioned felony convictions are counted separately under the provisions of **§ 4A1.1 (a), (b)**, of **(c).** The date that a defendant sustained a conviction shall be the **date that the guilt of the defendant has been established,** whether by guilty plea, trial, or a plea of **nolo contedere.**" See, **Id.**, **4B1.2(c).**

**U.S.S.G. § 4A1.2(e)** provides: "**[a] sentence imposed more than fifteen years prior to the defendant's commencement of the instant offense is not counted** unless the defendant's incarceration extended into this fif-teen-year period." **Id.** (emphasis added).

These two Guidelines combined stand for the proposition that Marshall is actually innocent of the career offender classification he was sentenced under, because the 1996 Alabama state controlled substance conviction could not serve as a perdicate for the enhancement he received, and Marshall's trial-counsel was ineffective for failing to investigate the prior con-

viction and the applicable law concerning the United States Sentencing Guidelines. See, United States v. Kissick, 69 F.3d 1048 (9th Cir. 1995); United States v. Soto, 132 F.3d 56 (D.C. Cir. 1997).

The prejudice suffered is that Marshall was sentenced under an inapplicable sentencing enhancement statute, See, Murtishaw v. Woodford, 255 F.3d 926, 969 (9th Cir. 2001); accord Ballard v. Estelle, 937 F.2d 453, 456-57 (9th Cir. 1991), and he received more time than he would have absent the error.

Therefore, Marshall is entitled to relief, because a sentence imposed on the basis of "'misinformation of constitutional magnitude'" is in violation of due process. Roberts v. United States, 445 U.S. 552, 556 (1980) (quoting United States v. Tucker, 404 U.S. 443, 447 (1972)); see also Townsend v. Burke, 334 U.S. 736, 740-41 (1948)(holding that trial court violated due process by sentencing the prisoner "on the basis of assumption concerning his criminal record which were materially untrue").

**(ii) Marshall's newly discovered evidence demonstrates that the record of the prior conviction is void due to the record being silent on its face as to if the conviction(s) were counseled or not**

In Gideon v. Wainwright, 372 U.S. 339, 9 L. Ed. 2d 799, 83 S.Ct. 792 (1963), the United States Supreme Court established the rule that the right to counsel guaranteed by the Sixth Amendment was applicable to the States by virtue of Fourteenth Amendment, making it unconstitutional to try a person for a felony in a state court unless he had a lawyer or had validly waived one. See, Gideon, 83 S.Ct. 792. In Mempa v. Rhay, 389 U.S. 136, 19 L. Ed. 2d 336, 88 S.Ct. 254 (1967), the Supreme Court established a

right

right to counsel at parole revocation hearings. See, Id., 88 S.Ct. at 258. In Burgett v. State of Texas, 389 U.S. 109, 19 L. Ed. 2d 319, 88 S.Ct. 258 (1967), the Supreme Court announced that the use of a prior conviction without counsel is prohibited. See, Id., 389 U.S. 109. "If a record of conviction does not indicate representation by counsel where so entitled, or an effective waiver, the defendant enjoys a presumption that he was denied his right to counsel, and that his conviction is therefore void." See, Strachan v. Army Clemency and Parole Bd., 151 F.3d 1308 (10th Cir. 1998). In Mitchell v. United States, 482 F.2d 289 (5th Cir. 1973)[1], the Fifth Circuit stated that the § 2255 petitioner is "not required to secure an affirmative finding that reliance on prior invalid convictions **enhanced** his sentence," but only that "the sentencing judge **considered** constitutionally invalid convictions, so that the sentence was imposed not 'in the informed discretion of a trial judge, but [was] founded at least in part upon misinformation of constitutional magnitute.' Mitchell, 482 F. 2d at 291.(citing United States v. Tucker, 404 U.S. 443 (1972)). Tucker requires a remand where the sentencing judge gives **explicit** consideration to a prior invalid conviction; Id. where the record fails to disclose

Here, Marshall argues that the evidence he discovered on September 21, 2022, a "transcript of record" from the Alabama Judicial Data Center (See, Exhibit "A"), demonstrates that the Alabama state record is

1. In Bonner v. City of Prichard, 661 F.2d 1206, 1209 (11th Cir 1981), the Eleventh Circuit Court of Appeals adopted as binding all decisions of the former Fifth Circuit issued before 1 October 1981.

silent on its face as to if Marshall's revocation hearing was counseled or not (Id.). Nor does the record include an effective waiver of counsel for the revocation hearing. (Id.). Thus, Marshall enjoys a presumption that he was denied his right to counsel at the revocation hearing in light of Mempa Gideon and Burgett. At his sentencing hearing this Court **explicitly** relied on Marshall's 1997 conviction to find that he was a career offender. (See, Exhibit "B"). Specifically, the Court stated:

> "All right. I overrule the objection and find that the conviction listed in paragraph 43 of the presentence report is countable under 4A1.1(a) and 4A1.2(e)(3) and, as a result, is a qualifiying offense for career offender in accordance with 4B1.1."

(See, Exhibit "B" at p.33).

Therefore, Marshall is entitled to vacatur of the Court's previous procedural determination of his Rule 60(b) motion, because he has met his burden of demonstrating that his sentence was founded upon a voided and tainted record, and trial counsel was ineffective for failing to raise the issue at trial or direct appeal. See, United States v. Rollerson, 491 F.2d 1209, 1213 (5th Cir. 1974).

**D. Marshall Is Entitled to Rule 60(b)(1),(2), and (6) Relief In These Proceedings So That He Can Amend His Section 2255 Motion Under § 2255 (f)(4) to Include the "Voided" or "Tainted" Record Claim That Has Been Recently Discovered**

"...A plaintiff may seek post-judgment leave to amend by being granted relief under Rule 59(e) or Rule 60(b)(6)." Sheffler v. Americold Realty Trust, 2022 U.S. Dist. LEXIS 100128 (N.D. Ga. April 21, 2022)(quoting Jacobs v. Tempur-Pedic Int'l, Inc., 626 F.3d 1327, 1344-45 (11th Cir.

2010)(citing United States ex rel. Atkins v. McInteer, 470 F.3d 1350, 1361 n.22 (11th Cir. 2006)). In OJ Com., LLC v. Ashley Furniture Indus., Inc., 817 F.App'x 686 (11th Cir. 2020)(per curiam), the Eleventh Circuit held that "[p]ost-judgment, the plaintiff may seek leave to amend if he is granted relief under Rule 59(e) or Rule 60(b)(6)," and in the context of seeking leave to file an amended complaint, "[t]he only grounds for granting a Rule 59(e) [or Rule 60(b)(6)] motion are newly discovered evidence or manifest errors of law or fact." Id., 817 F. App'x at 693.

Rule 60(b)(6) provides that "the court may relieve a party or its legal representative from a final judgment, order, or proceeding for...any other reason that justifies relief." "[R]elief under this clause is an extraordinary remedy which may be invoked only upon a showing of exceptional circumstances." Griffin v. Swim-Tech Crop., 722 F.2d 677, 680 (11th Cir. 1984)(citing Ackermann v. United States, 340 U.S. 193 (1950)). Thus, "[a] party seeking relief under Rule 60(b)(6) 'has the burden of showing that absent such relief, an "extreme" and "unexpected" hardship will result.'" Gonzalez v. Fannie Mae, 803 F. App'x 226 (11th Cir. 2020).

With regard to Rule 60(b)(1), the Eleventh Circuit has held that "[t]he determination of what constitutes excusable neglect is generally an equitable one, taking into account the totality of the circumstances surrounding the party's omission." Sloss Indus. Corp. v. Eurisol, 488 F.3d 922, 934 (11th Cir. 2007).

Here, Marshall argues that the recently discovered evidence, (see,

Exhibit "A"), which was discovered on September 21, 2022, could not, with reasonable diligence been discovered in time to move to alter or amend judgment under Rule 59(e). That occurred because trial-counsel was ineffective for failing to investigate the claim; and because Marshall's financial inability prevented him from obtaining the necessary assistance to locate and retrieve the evidence. Also relevant is the fact that the Court was unwilling to hear the initial Rule 60(b)(6) motion that would have produced the evidence and the claim. Moreover, Marshall argues that any delay in obtaining the records cannot reasonably be impute to him, because Marshall has been diligent in his objection to the use of the Alabama state priors to enhance his sentence. He objected to the use of the priors at trial, he complained to the U.S, Probation Office (see, Exhibit "C"), and he raised the claim, albeit as an IAC claim, in his initial **§ 2255** and Rule 60(b) proceedings. However, without having **actual** possession of the documents, Marshall was ignorant to the fact and law that the priors used were void, and therefore, has not had an unobstructed shot at raising the claim, which constitutes "exceptional circumstances" warranting Rule 60(b) relief. Moreover, Marshall points out that if the Court were to decline to grant relief in these proceedings, the career offender classification that he was sentenced under, and for which a prospective 300 month sentence was imposed, constitutes an "extreme" and "unexpected" hardship that will result.

Marshall also argues that Rule 60(b)(1) relief is appropriate here to excuse any neglect on his part from presenting the claim in an earlier motion

for the same reasons discussed above that prevented Marshall's timely objection to the use of constitutionally infirm priros.

Lastly, Marshall asks the Court to grant Rule 60(b) relief and re-open his § 2255 proceedings so he can amend his motion under **§ 2255(f)(4)**. See, LoCascio v. United States, 395 F.3d 51 (2nd Cir. 2005). In LoCascio, the Second Circuit Court of Appeals held that **§ 2255** provides a 1-year period of limitations in which to file the motion. Id. at 56. The Court reasoned that **§ 2255(f)(4)**, the relevant subsection, "'does not require the maximum feasible diligence, only 'due', or reasonable, diligence.'" LoCascio, 395 F.3d at 54.(quoting Wims v. United States, 225 F.3d 186, 190 n.4 (2nd Cir. 2000). Marshall argues that LoCascio is on point with his argument. Marshall has described his diligence above, and the Court is familiar with Marshall's continued objection to the Alabama state prior conviction(s) used to enhance his sentence. Because Marshall did not obtain the certified records of the prior convictions until some time after it was mailed to him by Mr. Money on September 21, 2022, the claim would be timely raised under **28 U.S.C. § 2255(f)**, which reads in relevant part, "[a] 1-year period of limitation shall apply to a motion under this section. The limitation period shall run from the latest of-**(4)** the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence." See, **Id.**, **§ 2255(f)(4)**. Which would make any amendment made based on the certified records due on September 20, 2023.

Moerover, Marshall argues that the proposed amendment is proper, because it relates back to the claim included in Marshall's initial **§ 2255**

motion that his trial-counsel was ineffective for failing to investigate the Alabama state prior(s). See Mayle v. Felix, 545 U.S. 652, 162 L. Ed. 2d 582, 125 S.Ct. 2562 (2005)(holding that a pleading relates back to the filing date of the original pleading when both the original plea and the amendment arise out of the same "conduct, transaction, or occurrence...")(citations omitted).

Therefore, Marshall asks the Court to exercise its broad discretion to grant Rule 60(b) relief to prevent a manifest injustice from continuing.

## IV. CONCLUSION

**WHEREFORE,** based on the points and authorities cited Marshall asks the Court to vacate its judgment entered in Case No. 2:12-cr-87-WKW(WO), appoint counsel, and schedule this case for a resentencing absent the career offender classification; or in the alternative Marshall asks the Court to schedule this case for an evidentiary hearing.

Dated: 1-11-2023.

Respectfully Submitted,

Robert Marshall

Robert Marshall
Reg. No. 14029-002
FCI Talladega
PMB 1000
Talladega, AL 35160

pro se litigant

## V. VERIFICATION

**I, HERBY VERIFY** that the foregoing facts are true and correct under penalty of perjury pursuant to **28 U.S.C. § 1746.**

Executed: 1-11-2023.

By: Robert Marshall
Robert Marshall

## CERTIFICATE OF SERVICE

I, **HEREBY CERTIFY** that the foregoing motion to vacate judgement under Fed. R. Civ. P. 60(b)(1),(2) and (6) was mailed to the Clerk of the Court, and a true and correct copy was mailed to the Respondent United States of America on this 11 day of January, 2023.

By: Robert Marshall
Robert Marshall, pro se

⇔14029-002⇔
Robert Marshall
pmb 1000 FCI Talledega
Talladega, AL 35160
United States




⇔14029-002⇔
Office Of Clerk
1 Church ST
Suite B-110
Montgomery, AL 36104-4018
United States