EXHIBIT "B"

```
 1  that information at a proffer session.  And there was some
 2  acknowledgment that Robert Marshall's name had come up and she
 3  was providing information about Robert Marshall.  And the -- my
 4  supposition would be that she figured out that the government
 5  wanted some testimony on Robert Marshall and gladly supplied it.
 6  I don't think her testimony alone is worthy of belief and
 7  certainly, without some accompanying corroboration, could not be
 8  used for relevant conduct in this -- in this situation.
 9          As far as the guns, I understand that coconspirators
10  are chargeable with the acts of others.  I would simply point
11  out to the Court that Mr. Marshall -- there's no testimony that
12  he ever had a gun, owned a gun, or was found with a gun.
13  There's no testimony that any of these coconspirators used the
14  gun in a drug transaction.  The only testimony is the opinion of
15  Agent Whittle, based on his experience, that generally drug
16  dealers have guns to protect themselves.  And, you know,
17  generally, that's why everybody has a gun, to protect
18  themselves.  I just don't think that that, in and of itself,
19  would necessitate two points being added to Robert Marshall.
20          THE COURT:  All right.  Ms. Traywick, if you'd come
21  back up.
22          Y'all can stand and stretch if you like.
23      (Bench conference held off the record)
24          THE COURT:  Okay.  If you'd come to order.
25          I want to resolve these two objections before we finish
```

1  the rest of the objections. It's my finding that it's not going
2  to matter -- if the career offender enhancement applies, the
3  amount of the drugs is not going to matter, nor is the gun
4  enhancement going to matter, because this defendant, if the
5  career offender enhancement applies, is going to be at a 37.
6  The jury found 500 or more. At 500 or more, it's 37, career
7  offender.

8           So we have us a record on this, but -- and I know
9  there's an objection, which I have looked at on the career
10 offender, whether one of the offenses should count or not. And
11 we'll resolve that here in just a moment. So I'm going to
12 suspend the ruling on this until I rule on the career offender.
13 But if career offender applies, then the drug amounts are
14 irrelevant and the gun enhancement is irrelevant to the final
15 sentencing.

16           All right. So let's go ahead and deal with that career
17 offender objection. Mr. Cooper, if you would state your
18 objection with respect to one of the offenses that was counted.
19 I believe it's paragraph -- was it 43? -- I believe was your
20 objection.

21           MR. COOPER: Your Honor --
22           THE COURT: It was. Paragraph eight of the addendum to
23 the presentence report, you challenged paragraph 43 as over 15
24 years old, therefore should not receive criminal history points
25 nor should be used as a second prior felony for career offender.

```
 1            MR. COOPER:  Your Honor, we litigated -- not litigated,
 2   but we addressed the issue of that particular conviction --
 3            THE COURT:  In a 404 context.
 4            MR. COOPER:  -- in a 404 context.
 5            THE COURT:  Which is a different context.
 6            MR. COOPER:  It may be a different context.  But I
 7   think if it can't be used in a 404(b), then it shouldn't be used
 8   under the career offender.  And that would be my -- that is my
 9   argument.  The Court has made that determination.  It should
10   apply for both situations.
11            THE COURT:  What's your response from the government?
12            MR. SPEIRS:  Your Honor, that's apples and oranges.
13   404(b) is a completely different animal than a guideline
14   determination of career offender.  The government would adopt
15   the argument and the reasoning that Ms. Traywick laid out in her
16   response to the objection that Mr. Cooper raised.
17            THE COURT:  All right.  I overrule the objection and
18   find that the conviction listed in paragraph 43 of the
19   presentence report is countable under 4A1.1(a) and 4A1.2(e)(3)
20   and, as a result, is a qualifying offense for career offender in
21   accordance with 4B1.1.
22            The reason is that on October 29th, 1998, the
23   defendant's probation was revoked and the court imposed the
24   original 15-year custody sentence.  Pursuant to 4A1.2(e)(1), any
25   prior sentence of imprisonment exceeding one year and one month
```

1 that was imposed within 15 years of the defendant's commencement
2 of the instant offense is counted. The defendant's sentence
3 resulted in him being incarcerated as a result of his conviction
4 listed in paragraph 43 of the presentence report within 14 years
5 of the commencement of the instant offense; that is, from 1998
6 to 2012. And therefore, it is within the applicable time
7 period.
8      The career offender objection being overruled, then
9 it's -- the base offense level will be 37, irrespective of the
10 amount of drugs over 500 grams. The jury found at least 500
11 grams. And it also would be -- the two-level enhancement for
12 the gun -- the gun enhancement of two levels would also be
13 irrelevant, because those two would be used in a different
14 calculation, which would result in less than 37. Therefore,
15 those objections are overruled as not being relevant to the
16 final sentence.
17      Now, Mr. Cooper, I believe you had a couple of other
18 objections. I'm not sure you've covered all of them. I'll give
19 you a chance now to state the rest of your objections if you
20 have others.
21      MR. COOPER: Your Honor, the presentence report
22 indicated or said that Mr. Marshall was an integral part of this
23 offense. I think the testimony at trial and the testimony here
24 today indicates that he was not a first-tier, not a second-tier,
25 not -- maybe a third-tier person who was involved; that he -- he