IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| ROBERT MARSHALL, ) <br> Reg. No. 14029-002, ) <br> ) <br> Petitioner, ) <br> ) <br> v. ) <br> ) <br> UNITED STATES OF AMERICA, ) <br> ) <br> Respondent. ) | CASE NO. 2:23-CV-46-WKW <br> [WO] |

### **ORDER**

Petitioner Robert Marshall's construed 28 U.S.C. § 2255 motion, docketed on January 17, 2023, was reassigned to the undersigned yesterday.[1] (Doc. # 1.) The motion is identical to the one filed by Petitioner in an earlier case, except for the signature page. *See Marshall v. United States*, 2:16-CV-477 (M.D. Ala. June 22, 2016), Doc. # 85. The motion will be denied for the same reasons as in the first case.

In 2013, Petitioner was found guilty of one count of conspiring to distribute five kilograms or more of cocaine (powder and crack) and one count of using a communication facility to commit a conspiracy. He was sentenced as a career offender to a below-guidelines sentence of 300 months' imprisonment. *United States v. Marshall*, 2:12-CR-87 (M.D. Ala. June 12, 2013), Doc. # 651. In 2015, his

---

[1] Petitioner, who is proceeding *pro se*, self-styled his motion as a "Motion to Vacate Judgment Under Fed. R. Civ. P. 60(b)(1), (2), and (6)." (Doc. # 1 at 1.)

judgment of conviction and sentence were affirmed by the Eleventh Circuit. *Id.* at Doc. # 968.

In 2016, Petitioner filed his first 28 U.S.C. § 2255 motion, arguing ineffective assistance of counsel (IAC). *See Marshall v. United States*, 2:16-CV-477 (M.D. Ala. June 22, 2016), Doc. # 1. In 2018, the court denied Petitioner's motion on the merits and dismissed the case with prejudice. *Id.* at Docs. # 44, 45. In 2022, Petitioner filed a nominal Rule 60(b) motion, seeking to reopen the judgment denying his § 2255 motion on grounds that he had new evidence supporting his IAC claims. *Id.* at Doc. # 61. That same year, the court denied the nominal Rule 60(b) motion, deeming it a successive § 2255 motion that lacked authorization from the United States Court of Appeals for the Eleventh Circuit. *Id.* at Docs. # 62, 64, 65. Then, in 2023, Petitioner filed another *de facto* § 2255 motion on substantially the same basis and, again, without the Eleventh Circuit's authorization. *Id.* at Doc. # 85. The court denied this motion because it was yet "another successive 28 U.S.C. § 2255 motion" for which Petitioner had not obtained authorization to file from the Eleventh Circuit. *Id.* at Doc. # 91.

The duplicative motion pending in this case (Doc. # 1) is denied for the same reasons set out in the previous Order (Doc. # 91) entered in *Marshall*, 2:16-CV-477. Specifically, Petitioner's self-styled Rule 60(b) motion is effectively another successive 28 U.S.C. § 2255 motion, which this court presently lacks authority to

resolve. A Rule 60(b) motion is treated as a second or successive § 2255 motion "if it attacks the federal court's previous resolution of a claim *on the merits*." *Gonzalez v. Crosby*, 545 U.S. 524, 532 (2005). Here, Petitioner's motion challenges the court's earlier decision denying his § 2255 motion on the merits. *See Marshall*, 2:16-CV-477, Doc. # 62 at 4–6 (reaching the same conclusion for Petitioner's first Rule 60(b) motion). Consequently, the pending motion, though labeled as a Rule 60(b) motion, is considered a successive § 2255 motion and, therefore, is subject to additional requirements that do not apply to Rule 60(b) motions. *See Farris v. United States*, 333 F.3d 1211, 1216 (11th Cir. 2003) (per curiam) ("[S]uccessive-petition rules apply to Rule 60(b) motions seeking relief from a judgment denying § 2255 relief.").

For this court to hear a successive § 2255 motion, authorization from the Eleventh Circuit is required. *See Rivers v. Guerrero*, 605 U.S. 443, 450 (2025) (providing that "a petitioner cannot bring a second or successive habeas application directly to the district court" but "must first go to the court of appeals" and "that court has to grant authorization for the petitioner to proceed in district court"); *Williams v. Chatman*, 510 F.3d 1290, 1294 (11th Cir. 2007) (per curiam) (outlining the "three basic requirements on successive habeas petitions"). Petitioner has not obtained such authorization; therefore, this court lacks jurisdiction to hear the motion. *In re Morgan*, 717 F.3d 1186, 1193 (11th Cir. 2013). As a result, the motion

must be denied for lack of jurisdiction.  *See Farris*, 333 F.3d at 1216.  If Petitioner believes he has a valid claim, he must seek and receive permission from the Eleventh Circuit to file a second or successive 28 U.S.C. § 2255 motion.

Based on the foregoing, it is ORDERED that Petitioner's 28 U.S.C. § 2255 motion is DENIED without prejudice for lack of jurisdiction.

Final judgment will be entered separately.

DONE this 9th day of October, 2025.

                                      /s/ W. Keith Watkins
                             UNITED STATES DISTRICT JUDGE